```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE BURLINGTON INSURANCE
COMPANY,

                    Plaintiff,            **MEMORANDUM AND ORDER**
                                          Case No. 1:17-cv-02892-FB-SMG
        -against-

MC&O MASONRY, INC., MC&O
CONTRACTING, INC., FSLM
ASSOCIATES, LLC, FIRST AVENUE
BUILDERS, LLC,

                    Defendants.
---------------------------------------------------------x
```

*Appearances*:
For Plaintiff:                              For Defendants:
CHARLES BERGIN                              JOHN B. SIMONI, JR.
JAMES M. ADRIAN                             SCOTT DAVID SIMON
ANNA KARIN FURER MANALAYSAY                 Goetz Fitzpatrick LLP
Adrian & Associates, LLC                    One Penn Plaza
200 Park Avenue, Suite 1700                 New York, NY 10119
New York, NY 10166

                                            KENNETH GARY ROBERTS
                                            1865 Palmer Avenue, Suite 203
                                            Larchmont, NY 10538

**BLOCK, Senior District Judge:**

This is an insurance coverage dispute over the tab for a prior lawsuit against defendant subcontractors MC&O Masonry, Inc. ("MC&O Masonry") and MC&O Contracting, Inc. ("MC&O Contracting") (collectively, "the MC&O defendants").

Plaintiff insurer The Burlington Insurance Company ("TBIC") brought the present suit in diversity against the MC&O defendants; building owner FSLM Associates, LLC ("FSLM"); and general contractor First Avenue Builders, LLC ("First

Avenue"), seeking declaratory relief based on two Commercial General Liability ("CGL") Insurance Policies issued to MC&O Masonry.

FSLM and First Avenue move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(7) for failure to adequately plead diversity jurisdiction and failure to join indispensable, non-diverse parties.[1] The motions are denied without prejudice, and the parties are ordered to conduct limited discovery to determine whether the Court has subject matter jurisdiction.

# I

In or around 2008, TBIC issued two CGL policies to MC&O Masonry. In April 2014, FSLM and First Avenue sued the MC&O defendants, among others, in New York state court (the "Underlying Action") to recover damages allegedly caused by the MC&O defendants' faulty repair work at a condominium building in 2008. FSLM owned the condominium building, and First Avenue was the general contractor for the project. TBIC provided a courtesy defense to MC&O Masonry but not MC&O Contracting. The Underlying Action is still pending in state court.

---

[1] The defendants also move to dismiss or stay proceedings under discretionary principles of abstention because of yet another lawsuit, currently pending in state court and described by the defendants as parallel to this suit. Courts often consider abstention motions under Rule 12(b)(1). *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2018). In a declaratory judgment action, the Court may consider whether to abstain *sua sponte*. *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000), *as amended* (Jan. 30, 2001). Given that subject matter jurisdiction is uncertain, the Court declines to consider whether to abstain in favor of purportedly parallel state court proceedings. If they so choose, the defendants may renew their abstention motion if and when subject matter jurisdiction is established.

In May 2017, TBIC brought this suit. It seeks declarations that (1) the CGL policies held by the MC&O defendants do not cover the Underlying Action; (2) it has no duty to defend the MC&O defendants in the Underlying Action; (3) it is not required to indemnify FSLM and First Avenue in the Underlying Action; and (4) it is entitled to reimbursement of expenditures made toward MC&O Masonry's courtesy defense.

## II

Where a motion to dismiss asserts a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as well as other grounds for dismissal, "the court should consider the Rule 12(b)(1) challenge first[.]" *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). "[A] plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction[.]" *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (citing Fed. R. Civ. P. 8(a)(1)). However, the Court will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

Diversity jurisdiction exists in a civil action between citizens of different states when the amount in controversy exceeds $75,000.[2] *Advani Enterprises, Inc. v.*

---

[2] Contrary to FSLM and First Avenue's argument, the amount in controversy requirement is satisfied. According to the complaint in the Underlying Action, filed in N.Y. Supreme Court in New York County under index number 654087/2013, the plaintiffs there seek over $2 million in damages, which

3

*Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing 28 U.S.C. § 1332). Diversity must be "complete," meaning that the plaintiff may not share citizenship with any defendant, *id.*, including "any indispensable parties who must be joined," *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 (2d Cir. 2017).

For jurisdictional purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). "[W]hen a corporation has ceased business activity, diversity jurisdiction under 28 U.S.C. § 1332(c) is determined not only by its state of incorporation, but also by the place it last transacted business[.]" *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991). A limited liability company is a citizen of the state or states where its members are citizens. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000); *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) ("The citizenship of an unincorporated association for diversity purposes has been determined for nearly 100 years by the citizenship of each and every member of that association.").

**A. Diversity of Named Defendants**

As to the MC&O defendants, the Court finds the liberally construed allegations, *see Robinson*, 21 F.3d at 507, to be sufficient. TBIC is a North Carolina corporation

---

TBIC may have to pay if it is unsuccessful in this suit. *See Am. Safety Cas. Ins. Co. v. 385 Onderdonk Ave., LLC*, 124 F. Supp. 3d 237, 242 (E.D.N.Y. 2015) (measuring amount in controversy based on damages claimed in an underlying action).

with its principal place of business in North Carolina.[3] Before their August 2008 dissolution, the MC&O defendants were New York corporations with a New York address. Until their dissolution, they were transacting business in New York by performing the repair work that gave rise to the Underlying Action. Thus, according to the Complaint, the MC&O defendants were New York corporations who last transacted business in New York. TBIC has sufficiently alleged that they are diverse.

TBIC's jurisdictional allegations regarding FSLM and First Avenue are another matter. Both are limited liability companies and therefore take their members' places of citizenship. *See Handelsman*, 213 F.3d at 52. However, TBIC does not allege the identity or citizenship of the members of FSLM or First Avenue. If any of them are citizens of North Carolina, diversity will be incomplete and the Court will lack subject matter jurisdiction. The complaint therefore fails to allege that FSLM and First Avenue are diverse parties. *See Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (remanding for failure to allege citizenship of LLC's members).

TBIC urges the Court to overlook this defect, given that its diligent efforts to discover the identity and citizenship of the LLC members have failed. However, the Court has a "duty to inquire into [its] subject matter jurisdiction," *F5 Capital v. Pappas*,

---

[3] As discussed further below, defendants submit evidence that TBIC was an Illinois Corporation when it filed the complaint. The Court does not need to resolve the dispute because it does not affect whether any of the presently named defendants are diverse. However, if TBIC chooses to file an amended complaint, it must clarify its place of incorporation and principal place of business.

856 F.3d 61, 75 (2d Cir. 2017), and may order discovery for that purpose, "at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party," *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). Based on counsel's good faith representation that the necessary information is not publicly available, jurisdictional discovery is appropriate.

The Court cautions TBIC that, if any members of the LLCs are themselves LLCs or other unincorporated associations, the members of those entities must be identified as well, along with their places of citizenship. *See, e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (considering citizenship of members of LLCs which were themselves members of defendant partnership).

**B. Joinder of Unnamed Insurers**

FSLM and First Avenue also seek dismissal under Rule 12(b)(7) for failure to join a party under Rule 19. They argue that additional insurers of the MC&O defendants are necessary and indispensable to this suit. They further argue that at least one of the additional insurers, the Illinois Union Insurance Company (allegedly an Illinois corporation), will be non-diverse because TBIC recently reorganized itself under Illinois law, making it a citizen of that state.[4]

---

[4] In support, FSLM and First Avenue refer to public records on file with the North Carolina Secretary of State and of which the court takes judicial notice. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). However, neither the pleadings nor any evidence submitted by the defendants shows the citizenship of the additional insurers they seek to join. This shortcoming would warrant denial of the motion even if Rule 19's other requirements were met. As discussed below, they are not.

When considering a Rule 19 motion, the Court "must base its decision on the pleadings as they appear at the time of the proposed joinder[.]" *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). The movant bears the burden of showing the need for joinder. *Tilyou v. Carroll*, 1992 WL 170916, at *5 (E.D.N.Y. July 2, 1992).

FSLM and First Avenue have not satisfied the threshold requirement of Rule 19(a) because they have not shown that the other insurers are necessary parties. *Associated Dry Goods*, 920 F.2d at 1123 (describing two-step inquiry, beginning with threshold showing of necessity). The pleadings do not demonstrate that "complete relief cannot be accorded among those already parties," Fed. R. Civ. P. 19(a), or that the other insurers have any interest in the interpretation of an insurance policy between TBIC and the MC&O defendants, *see id.* Ordinarily, "[a] nonparty to a commercial contract . . . is not a necessary party to an adjudication of rights under the contract." *ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 682 (2d Cir. 1996).

Arguing that joinder is nonetheless required, FSLM and First Avenue cite cases involving priority of coverage between insurers. *See* FSLM and First Avenue Mem. Of Law at 6-7 (citing *Turner Const. Co. v. Kemper Ins. Co.*, 341 F. App'x 684, 687 (2d Cir. 2009); *BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 716 (2007)). However, the pleadings here do not present any such issues, and the

defendants' brief discussion regarding joinder does not otherwise explain why the other insurers are necessary and indispensable to this suit. The motion is denied without prejudice to reasserting a Rule 19(b) defense at a later stage in the proceeding. *See* Fed. R. Civ. P. 12(h)(2) (stating that Rule 19(b) defense may be raised in answer, on a Rule 12(c) motion, or at trial); *Salomon v. Burr Manor Estates, Inc.*, 2008 WL 8883869, at *3 (E.D.N.Y. Oct. 21, 2008) (denying 12(b)(7) motion without prejudice for failure to show necessity under Rule 19(a)).

**Conclusion**

The motions under Rules 12(b)(1) and 12(b)(7) are denied without prejudice. The parties shall conduct limited discovery to determine the identity and citizenship of the members of FSLM and First Avenue. Discovery, including scheduling, shall be under the supervision of the assigned magistrate judge. Within 30 days after jurisdictional discovery is complete, TBIC shall amend its complaint to (1) allege the citizenship of the members of FSLM and First Avenue and (2) clarify its place of incorporation and principal place of business as of the date it filed the original complaint. Failure to amend the complaint will result in dismissal of the case.

**SO ORDERED**

/s/ Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 5, 2018